Hoffman, J.
The evidence seems to establish, with reasonable certainty, that Keeler, the defendant, applied to Mattison for a loan for himself of $3,000, proffering as security the note of Rumsey indorsed by himself, and Suffolk Bank stock as additional security. Mattison hesitated, stating he did not know the Bank or Rumsey. He afterwards consented. An order was drawn on Mattison’s banker, and Keeler sat down and indorsed the note, and gave it to Mattison.
The order was onBliven & Mead, the bankers, signed by Mattison, payable to bearer. They gave a check on the City Bank, payable to Mattison or order, for $3,000. He indorsed it. Keeler took Matfcison’s order to the banker’s, and brought back the check. Mattison delivered the indorsed check to Keeler, and it is produced in evidence, indorsed by Rumsey, not by Keeler.
Testimony was also given, tending to prove that the note was kept by Mattison in his own hands, and that about the time of its falling due, Keeler, the defendant, called, informed Mattison of the failure of the Bank, and requested time, proposing to give a new note for the amount, payable on demand; that defendant requested him, from some reasons of convenience, to call on Rumsey, get a new note for the old one, to bring it to him, the defendant, and he *571 would indorse it. This was done, and the old note given to Rumsey; a new one obtained, and proffered to the defendant for indorsement, which he refused to make. Both the old and the new note were drawn by Rumsey, to his own order.
The assignment from Mattison to the plaintiff was produced in evidence, and transfers all the indebtedness, cause of action, claim and demand which he had against the said Walter Keeler for borrowed money, and for a failure and refusal on his part to indorse, according to promise, a promissory note of John Rumsey, dated October 1, 1854, for |3,000.”
The first note was dated September 6, 1854.
The evidence given in the cause would have warranted a jury in finding two facts: First. That the original loan was made to Keeler at his request, and as far as Mattison knew for Keeler’s own use and benefit, and upon the faith of Keeler’s indorsement of Rumsey’s note. Although the note was made by Rumsey, and the stock certificate was in' his name, the jury may have been warranted in considering that both were given to enable Keeler to raise money for himself. Second. That the old note was surrendered to Rumsey by Mattison, upon Keeler’s express promise to indorse a new one which Rumsey was to give. It is to be- noticed that the old note, as well as the new one, was by Rumsey, to his own order.
If the jury had been allowed to pass upon this evidence, and had found these facts, the case would have been presented of an original debt by Keeler to Mattison for money advanced by the latter directly to him, on his credit mainly, and secured by his indorsement; and of the surrender of the legal evidence of his liability by a trick and fraud, either devised at the time, or perpetrated by the refusal to give the promised renewal of this evidence.
If, as is contended, the original cause of action arising from the loan of money, was merged in the indorsement of the first note, (2 Duer, 138,) yet, when that indorsement was destroyed by the unwarranted act, or through the substituted agreement of the indorser and borrower, the party must be entitled to resort to the original right.
*572 The cases cited, of which Noel v. Murray, (3 Kern., 167,) is an example, are cases where the point has arisen, whether an admitted original liability has been relinquished by acceptance of .other security; and the question always is, was there. an agreement to receive the latter in payment ? Conceding that there was an agreement to'take the indorsement in place of the money demand, the point that there was a restoration of that demand by the withdrawal of the indorsement through deception, remains unaffected by any such case.
It is again insisted, that the agreement to indorse the second note was void, by the statute of frauds. Carville v. Crane, (5 Hill, 483,) and Gallager v. Brunel, (6 Cow., 349,) are cited. Those cases establish that a parol agreement to indorse the note of another for goods purchased by him, is not the ground of an action. There was no original debt between the parties to the promise.
Again, it is urged that the plaintiff, as assignee, is not entitled to recover. First, because the assignment did not pass any interest which could be the subject of an action; next, that if there was any such interest, it was not assignable.
The assignment transfers all the claim or demand of Mattison against Keeler for borrowing money, and for a failure on his part to indorse the note. The indebtedness of Keeler, and the cause of action, claim and demand of Mattison are transferred. The instrument is ample to assign whatever the assignor could claim.
The case of Zabriskie v. Smith, (3 Kern., 322,) was a case of a cause of action solely arising out of deceptive representations of the standing and credit of a purchaser of goods. The cause of action rested exclusively upon the deceit. There was nothing of an independent liability from contract expressed or implied, or on any other account, except this; it was held not to be an assignable claim.
But a right of action for the conversion of personal chattels is assignable, (2 Kern., 622;) and I apprehend that whenever a right is vested in one, growing out of a contract of any nature, it is assignable; and if the assertion of the original right involves the establishing of fraud or deceit connected with the action, the right to prove this follows the right to the original cause of action, and vests in the assignee with it.
*573 The counsel of the defendant raises one other point, .that there was nothing upon which to go to the jury; that there was no conflict of evidence, no witnesses being called by the defendant, and there were only legal questions raised.
He cites Barnes v. Devine, (2 Kern., 18,) and some other authorities have been referred to. " In the case of Barnes v. Devine, the unsuccessful party was the one who rested his case at the trial upon legal propositions alone, and omitted to request a submission to the jury. He was the mover there. In the present instance, the defendant’s counsel succeeded in getting a dismissal on legal grounds. The plaintiff has a right to say, that in this case a verdict should have been ordered in his favor, or the evidence should have been submitted to the jury, and the motion of the defendant denied.
We think there must be a new trial, with costs to abide the event.
Bosworth, Oh. J., and Moncrief, J., concurred.
Ordered accordingly.